**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><div align="center">Defendants.</div> | Case No. 2:15-cv-00703-JLL-JAD |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of February 8, 2017 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Stipulation is entered into between (a) Bin Qu ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendant Mazars CPA Limited ("Mazars CPA" or "Settling Defendant"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against the Settling Defendant.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

WHEREAS:

A.     On February 2, 2015 this Litigation was filed as a class action on behalf of purchasers of Telestone Technologies Corporation ("Telestone") securities.  By Order dated May 14, 2015 (Dkt. No. 18), this Court appointed Bin Qu as Lead Plaintiff, and approved his selection of Glancy Prongay & Murray LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C. to serve as Co-Lead Counsel.

B.     On August 27, 2015, Lead Plaintiff filed the Amended Class Action Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial (the "Complaint"), on behalf of purchasers of Telestone securities between March 31, 2010 and April 16, 2013, inclusive, against Daqing Han, Xiaoli Yu, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Guangjun Lu, Yuanpin He, Mazars CPA Limited, Mazars Scrl, WeiserMazars LLP, and Telestone.  The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Dkt. No. 28.  Among other things, the Complaint alleges that Defendants issued inflated financial results containing revenues that should have never been recognized.  The Complaint further alleged that the price of Telestone's publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

C.     On October 2, 2015, Mazars CPA filed a Motion to Dismiss the Complaint, in which it argued that the Complaint failed to allege particularized facts sufficient to demonstrate that Mazars CPA made a false statement or acted with scienter.  Additionally, Mazars CPA asserted that the claims at issue were barred by the two-year statute of limitations for securities claims.  *See* Dkt. No. 30.  On November 17, 2015, Lead Plaintiff filed his opposition to the

2

Motion to Dismiss, in which he argued, among other things, that the Complaint adequately identified Mazars CPA's false statement and articulated why they were false, and that the Complaint sufficiently alleged that Mazars CPA acted with scienter. Additionally, Lead Plaintiff argued that the claims were not barred by the statute of limitations. Dkt. No. 38. On December 24, 2015, Defendant Mazars CPA filed a reply brief in support of its Motion to Dismiss. Dkt. No. 41. On February 21, 2015, the Court issued an opinion and order denying Mazars CPA's Motion to Dismiss. Dkt. Nos. 43-44.

D.      On January 19, 2016, in response to a letter from Lead Counsel, the Court dismissed without prejudice Telestone Technologies Services, certain of Telestone's officers and directors, Mazars Scrl and Weisermazars LLP. Dkt. No. 50.

E.      On January 21, 2016, Defendant Mazars CPA filed its Answer to the Complaint. Dkt. No. 51. On February 23, 2016, this action was reassigned from Judge Jose L. Linares and Magistrate Judge Joseph A. Dickson to Judge John Michael Vazquez and Magistrate Judge Mark Falk for all further proceedings. Dkt. No. 52. On March 11, 2016, Lead Plaintiff and Mazars CPA delivered letters to the Court summarizing the relevant facts, their legal positions, and the status of the case.

F.      Thereafter, counsel for Lead Plaintiff and Mazars CPA conducted a Rule 26(f) conference and exchanged initial disclosures. Additionally, the Settling Parties negotiated a joint discovery plan, a protective order, and an ESI protocol governing the production of electronic documents. During these discussions, Lead Plaintiff and Mazars CPA agreed to engage in private mediation to discuss the possibility of settlement. On April 11, 2016, the Court referred the action to mediation and stayed the action for 90 days. Dkt. No. 58. On June 10, 2016, the Lead Plaintiff and Mazars CPA exchanged and submitted to the mediator, Jed D. Melnick, J.D.

3

(the Mediator), detailed mediation statements which addressed the issues of both liability and damages.  On June 22, 2016, the Settling Parties engaged in a full-day mediation at JAMS in New York City, New York.  The session ended without any agreement being reached.

G.      Over the course of the next several weeks, the Mediator conducted further discussions with the Lead Plaintiff and Mazars CPA, which culminated in the reaching of an agreement in principle to settle the Action.  Thereafter, the Settling Parties agreed to the material terms of a settlement of this Action and proceeded to draft this Stipulation.

H.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties.

I.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.      This Stipulation constitutes a compromise of matters that are in dispute between the Settling Parties.  The Settling Defendant is entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  The Settling Defendant denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendant with respect to

4

any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendant has, or could have, asserted. The Settling Defendant expressly denies that the Lead Plaintiff asserted any valid claims, and expressly denies any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendant's defenses to liability had any merit. Each of the Settling Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by the Settling Defendant in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and the Settling Defendant, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties from the Settlement, all Released Plaintiff's Claims as against the Mazars CPA Releasees and all Released Mazars CPA Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

344957.1 TELESTONE

(a) "Action" means the securities class action in the matter styled *Sun v. Han et al.*, Case No. 2:15-cv-00703-JMV-MF, pending in the United States District Court for the District of New Jersey.

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g) "Claims Administrator" means the Angeion Group, subject to approval of the Court.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

344957.1 TELESTONE

(i)     "Class Period" means the period between March 31, 2010 and April 16, 2013, inclusive.

(j)     "Complaint" means the Amended Class Action Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial filed on August 17, 2015.

(k)     "Court" means United States District Court for the District of New Jersey.

(l)     "Defendants" means Mazars CPA, Daqing Han and Xiaoli Yu.

(m)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(n)     "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o)     "Escrow Agent" means Huntington National Bank.

(p)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q)     "Excluded Claims" means (i) any claims asserted in this Action as of the date of this agreement against Daqing Han and Xiaoli Yu; (ii) any claims that have been brought or could be brought against Telestone, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and/or Weizermazars LLP; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(r)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time

provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)    "Lead Counsel" means the law firms of Glancy Prongay & Murray LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.

(v)    "Lead Plaintiff" means Bin Qu.

(w)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and

8

expenses of Lead Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(x)    "Mazars CPA's Counsel" means Norton Rose Fulbright US LLP.

(y)    "Mazars CPA Releasees" means Mazars CPA and its current and former officers, directors, partners, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.  For the avoidance of doubt, Mazars CPA Releasees do not include Mazars Scrl or Weizermazars LLP, no matter their relationship to Mazars CPA.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(aa)    "Non-Settling Defendants" means Daqing Han and Xiaoli Yu.

(bb)    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online to members of the Class.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

9

(dd)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ee)   "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(ff)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(hh)   "Postcard Notice" means the Postcard Notice, which shall be mailed to members of the Class, in the form attached as Exhibit 4 to Exhibit A.

(ii)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)   "Released Claims" means all Released Mazars CPA Claims and all Released Plaintiff's Claims.

(kk)   "Released Mazars CPA Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Settling Defendant. Released Mazars CPA Claims do not include any claims relating to the enforcement of the

10

Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ll)     "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Telestone Securities during the Class Period.  Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in this Action as of the date of this agreement against Daqing Han and Xiaoli Yu; (iii) any claims that have been brought or could be brought against Telestone, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and/or Weizermazars LLP; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(mm)   "Releasee(s)" means each and any of the Mazars CPA Releasees and each and any of the Plaintiff's Releasees.

(nn)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(oo)    "Settlement" means the settlement between Lead Plaintiff and Mazars CPA on the terms and conditions set forth in this Stipulation.

(pp)    "Settlement Amount" means $1.25 million dollars ($1,250,000.00) in cash.

(qq)   "Settlement Class" means all persons and/or entities who purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and Telestone; (ii) members of the Immediate Families of the Non-Settling Defendants; (iii) the subsidiaries and affiliates of Defendants and Telestone; (iv) any person or entity who or which was, at any time during the Class Period, a partner, Officer, director, or controlling person of Telestone, or any of its subsidiaries or affiliates, or of any Defendant, as well as members to their Immediate Families; (v) any entity in which any Defendant or Telestone had, at any time during the Class Period, a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Settlement Class are: (i) any persons or entities who or which submits a request for exclusion that is accepted by the Court; and (ii) Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and Weizermazars LLP.

(rr)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ss)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)   "Settling Parties" means the Settling Defendant and Lead Plaintiff, on behalf of himself and the Settlement Class.

(vv)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(xx)   "Telestone" means Telestone Technologies Corporation (together with its affiliates).

(yy)   "Telestone Securities" means Telestone common stock.

(zz)   "Unknown Claims" means any Released Plaintiff's Claims which the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Mazars CPA Claims which Mazars CPA does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Mazars CPA shall expressly waive, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed to have waived, and by operation of the

13

Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Mazars CPA acknowledge, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Mazars CPA stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Mazars CPA. Concurrently with the motion for

344957.1 TELESTONE

preliminary approval, Lead Plaintiff shall apply to the Court for, and Mazars CPA shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Mazars CPA; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Mazars CPA and the other Mazars CPA Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Mazars CPA Releasees.  This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Mazars CPA, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Mazars CPA Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or

15

all of the Released Mazars CPA Claims against any of the Plaintiff's Releasees. This release, which was separately bargained for, shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiff's Claims against Mazars CPA and the other Mazars CPA Releasees, Mazars CPA shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Mazars CPA's Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the

Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Mazars CPA Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Mazars CPA will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as

17

administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.      All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Mazars CPA Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.      The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, none of Mazars CPA, any Mazars CPA Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.      Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from

18

Mazars CPA or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Mazars CPA, any of the other Mazars CPA Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Mazars CPA and Lead Plaintiff other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the

344957.1 TELESTONE

Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Mazars CPA's Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.   Lead Counsel shall allocate the attorneys' fees awarded amongst themselves in a manner which they, in good faith, believe reflects the contributions of each such counsel to the institution, prosecution and settlement of the Action.  Mazars CPA Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND CLAIMS ADMINISTRATION

18.   As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Neither Mazars CPA, nor any other Mazars CPA Releasee, shall have any involvement in or any responsibility,

20

authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Mazars CPA's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    Lead Plaintiff will request that the Court order Telestone's transfer agent, Corporate Stock Transfer, Inc., to provide Lead Counsel with information obtainable by reasonable efforts identifying, by name and address, the persons and entities who were Telestone shareholders during the Class Period, including banks, brokerage firms, institutions and other nominees and record owners. Such request will not be opposed by Mazars CPA. Lead Counsel shall also cause the Claims Administrator to have the Postcard Notice mailed and the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel

344957.1 TELESTONE

may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Mazars CPA and the other Mazars CPA Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. Neither Mazars CPA, nor any other Mazars CPA Releasee, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Mazars CPA Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Neither Mazars CPA, nor any other Mazars CPA Releasee, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice and the Postcard Notice.   Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Mazars CPA Releasee with respect to any Released Plaintiff's Claim.   Provided that it is mailed or submitted online by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.   In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

344957.1 TELESTONE

(d)     Claim Forms that do not meet the submission requirements may be rejected.   Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.   If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Mazars CPA's Counsel, for a Class   Distribution   Order:   (a)   approving   the   Claims   Administrator's   administrative

determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Mazars CPA Releasees with respect to any and all of the Released Plaintiff's Claims.

28.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Mazars CPA Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Mazars CPA, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

25

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  The Settling Parties and all Settlement Class Members expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

<div align="center">

**TERMS OF THE JUDGMENT**

</div>

30.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Mazars CPA's Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

<div align="center">

**CONDITIONS OF SETTLEMENT AND EFFECT OF
DISAPPROVAL, CANCELLATION OR TERMINATION**

</div>

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Mazars CPA have not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 35 below);

(d)     Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Settling Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.      Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Mazars CPA in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.      If (i) Mazars CPA exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercise his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)      Lead Plaintiff and Mazars CPA shall revert to their respective positions in the Action as of April 11, 2016.

(c)      The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 36 and 56, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)      Within five (5) business days after joint written notification of termination is sent by Mazars CPA's Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund

(including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Mazars CPA (or such other persons or entities as Mazars CPA may direct). In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Mazars CPA (or such other persons or entities as Mazars CPA may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

34.     It is further stipulated and agreed that Lead Plaintiff, and Mazars CPA, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other party to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.    In addition to the grounds set forth in ¶ 34 above, Mazars CPA shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Mazars CPA's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Mazars CPA concerning its interpretation or application, in which event the Settling Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

36.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Mazars CPA Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Mazars CPA Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability,

29

negligence, fault, or other wrongdoing of any kind of any of the Mazars CPA Releasees or in any way referred to for any other reason as against any of the Mazars CPA Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Mazars CPA Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Mazars CPA Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## <u>MISCELLANEOUS PROVISIONS</u>

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

30

38.     Mazars CPA warrants that, as to the payments made or to be made by or on behalf of it, at the time of entering into this Stipulation and at the time of such payment, it or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render it or them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by Mazars CPA and not by Mazars CPA's Counsel.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Mazars CPA to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Mazars CPA shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Mazars CPA and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

40.     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Mazars CPA Releasees with respect to the Released

31

Plaintiff's Claims.  Accordingly, Lead Plaintiff and his counsel and Mazars CPA and its counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Mazars CPA in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.     While retaining their right to deny that the claims asserted in the Action were meritorious, Mazars CPA and its counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff and his counsel and Mazars CPA and its counsel shall not make any accusations of wrongful or actionable conduct by either Settling Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Mazars CPA (or their successors-in-interest).

344957.1 TELESTONE

43.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Mazars CPA concerning the Settlement and this Stipulation and its exhibits.   All Settling Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Settling Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

47.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Settling Parties, including any and all Releasees and any corporation,

partnership, or other entity into or with which Mazars CPA may merge, consolidate or reorganize.

49.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New Jersey without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

51.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.     Lead Counsel and Mazars CPA's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

344957.1 TELESTONE

54.    If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:

**GLANCY PRONGAY & MURRAY LLP**
Attn:  Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  csadler@glancylaw.com

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO P.C.**
Attn:  Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: decklund@carellabyrne.com

If to Mazars CPA:

**NORTON ROSE FULBRIGHT US LLP**
Attn:  Scott P. Drake
2200 Ross Ave, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: scott.drake@nortonrosefulbright.com

55.    Except as otherwise provided herein, each Settling Party shall bear its own costs.

56.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

57.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

35

58.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 8, 2017.

**GLANCY PRONGAY & MURRAY LLP**

By: _____
       Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO P.C.**
James E. Cecchi
John M. Agnello
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone:  (973) 994-1700
Facsimile: (973) 994-1744

**Attorneys for Lead Plaintiff Bin Qu and
Lead Counsel**

NORTON ROSE FULBRIGHT US LLP

By: _____
       Felice B. Galant
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

NORTON ROSE FULBRIGHT US LLP
Scott P. Drake
Tyler H. Lipp
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

**Counsel for Defendant Mazars CPA Limited**

# EXHIBIT A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>              v.<br><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>                              Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action is pending in this Court entitled *Sun v. Han et al.,* Case No. 2:15-cv-00703-JMV-MF (the "Action");

WHEREAS, (a) Lead Plaintiff Bin Qu, on behalf of himself and the Settlement Class (defined below), and (b) defendant Mazars CPA Limited ("Mazars CPA"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Mazars CPA in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 8, 2017 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of means all persons and/or entities who purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive (the "Class Period), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and Telestone; (ii) members of the Immediate Families of the Non-Settling Defendants; (iii) the subsidiaries and affiliates of Defendants and Telestone; (iv) any person or entity who or which was, at any time during the Class Period, a partner, Officer, director, or controlling person of Telestone, or any of its subsidiaries or affiliates, or of any Defendant, as well as members to their Immediate Families; (v) any entity in which any Defendant or Telestone had, at any time during the Class Period, a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Settlement Class are: (i) any persons or entities who or which submits a request for exclusion that is accepted by the Court; and (ii) Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and Weizermazars LLP.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Bin Qu is an adequate class representative and certifies him as the Class Representative for the Settlement Class.   The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2017 at __:__ _.m. in Courtroom PO 3 of the U.S. Courthouse and Post Office Building, 2 Federal Square, Newark, New Jersey, 07102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be

approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Mazars CPA; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, Telestone's transfer agent, Corporate Stock Transfer, Inc. (the "Transfer Agent"), shall provide or cause to be provided to the Claims Administrator, in electronic format, its security holder lists (consisting of names and addresses) for Telestone common stock during the Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice substantially in the form attached hereto as Exhibit 4 to be mailed by first-class mail to potential

Settlement Class Members at the addresses set forth in the records provided by the Transfer Agent or in the records which the Transfer Agent caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded, and Settlement Class Members can submit claims;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Mazars CPA's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the publication of the Summary Notice, and the creation of a settlement website on which the Notice and the Claim Form shall be a posted and Settlement Class Members can submit claims in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided

thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice and Summary Notice before they are mailed and published, respectively.

9.   **Nominee Procedures** – Brokers and other nominees who purchased Telestone common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notice forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order

shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Mazars CPA Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Telestone Technologies Securities Litigation*, EXCLUSIONS, c/o Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Sun v. Han et al.,* Case No. 2:15-cv-00703-JMV-MF"; (iii) state the number of Telestone common stock that the person or entity requesting exclusion purchased and/or sold

during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Mazars CPA Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead

Counsel and Mazars CPA's Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Mazars CPA's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td align="center"><b><u>Lead Counsel</u></b></td><td align="center"><b><u>Mazars CPA's Counsel</u></b></td></tr>
<tr><td align="center">Glancy Prongay & Murray LLP<br>Attn:  Casey E. Sadler<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, California 90067</td><td align="center">Norton Rose Fulbright US LLP<br>Attn:  Scott P. Drake<br>2200 Ross Ave, Suite 3600<br>Dallas, Texas 75201</td></tr>
<tr><td align="center">Carella, Byrne, Cecchi, Olstein,<br>Brody & Agnello P.C.<br>Attn:  Donald A. Ecklund<br>5 Becker Farm Road<br>Roseland, New Jersey 07068</td><td></td></tr>
</table>

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Telestone common stock that the objecting Settlement Class Member purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action as to Mazars CPA, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of

whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Mazars CPA Releasees.

21.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.   **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Mazars CPA, and the

Parties shall revert to their respective positions in the Action as of April 11, 2016, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Mazars CPA Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Mazars CPA Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Mazars CPA Releasees or in any way referred to for any other reason as against any of the Mazars CPA Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Mazars CPA Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2017.


_____
        The Honorable John Michael Vazquez
            United States District Judge

# EXHIBIT A-1

Exhibit  A-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>                              Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Jersey (the "Court"), if, during the period between March 31, 2010 and April 16, 2013, inclusive (the "Class Period"), you purchased the common stock of Telestone Technologies Corporation ("Telestone" or the "Company") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Bin Qu ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in ¶ 19 below), have reached a proposed partial settlement of the Action for $1,250,000 with Defendant Mazars CPA Limited ("Mazars CPA") that, if approved, will resolve all claims in the Action against Mazars CPA (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Mazars CPA, any other Defendants**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 8, 2017 (the "Stipulation"), which is available at www.TelestoneSettlement.com.

**in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 71 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mazars CPA Limited ("Mazars CPA" or "Settling Defendant"), Daqing Han and Xiaoli Yu (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Telestone. A more detailed description of the Action is set forth in paragraphs 11-18 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 19 below, as against Mazars CPA only.[3]

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $1,250,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimates of the number of shares of Telestone common stock purchased during the Class period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.108.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of Telestone common stock they purchased, when and at what prices they purchased/acquired or sold their Telestone common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Settling Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Mazars CPA does not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment

---

[2]  Defendants Daqing Han and Xiaoli Yu are collectively referred to herein as the "Individual Defendants."

[3]  The Settlement does not resolve any claims asserted against the Individual Defendants.

of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., will apply to the Court for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $65,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Telestone common stock, if the Court approves Lead Counsel's fee and expense application, is $0.042 per eligible security.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, 1-888-773-9224, www.glancylaw.com or settlements@glancylaw.com; and Donald A. Ecklund, Esq., of Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C., 5 Becker Farm Road, Roseland, New Jersey 07068, 1-973-994-1700, decklund@carellabyrne.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the significant immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Mazars CPA, which denies all allegations of wrongdoing or liability whatsoever, is entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 25 below) that you have against Mazars CPA and the other Mazars CPA Releasees (defined in ¶ 26 below), so it is in your interest to submit a Claim Form. |

| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017. | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against Mazars CPA or the other Mazars CPA Releasees concerning the Released Plaintiff's Claims. |
|---|---|
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| GO TO A HEARING ON _____, 2017 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017. | Filing a written objection and notice of intention to appear by _____, 2017 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                    Page __

What Is This Case About?                                                      Page __

How Do I Know If I Am Affected By The Settlement?

   Who Is Included In The Settlement Class?                           Page __

Why Is There A Settlement?                                                   Page __

What Might Happen If There Were No Settlement?                Page __

How Are Settlement Class Members Affected By The Action

   And The Settlement?                                                          Page __

How Do I Participate In The Settlement?  What Do I Need To Do?   Page __

How Much Will My Payment Be?                                             Page __

What Payment Are The Attorneys For The Settlement Class Seeking?

4

How Will The Lawyers Be Paid? .......................................................... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ............................................................... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? ............................................................. Page __
What If I Bought Shares On Someone Else's Behalf? ............................. Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? ... Page __

| WHY DID I GET THIS NOTICE? |
|:---:|

8.     The Court directed that this Notice be made available to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Telestone common stock during the Class period.  The Court has directed us to make this Notice available to you because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 62 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.     On February 2, 2015, this case was filed as a class action in the United States District Court for the District of New Jersey (the "Court") alleging violations of federal securities laws. The Court has appointed the law firm of Glancy, Prongay & Murray LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C. as Lead Counsel.  Bin Qu is the Court-appointed Lead Plaintiff.

12.     On August 27, 2015, Lead Plaintiff filed the Amended Class Action Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial (the "Complaint"), against Daqing Han, Xiaoli Yu, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Guangjun

Lu, Yuanpin He, Mazars CPA Limited, Mazars Scrl, WeiserMazars LLP, and Telestone.[4]   The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.   Among other things, the Complaint alleges that Defendants materially overstated Telestone's financial results by improperly recognizing revenue and that these results were contained in Telestone's 2009, 2010, and 2011 Form 10-K filings with the Securities and Exchange Commission.

13.   Mazars CPA served as Telestone's outside auditor during this time period.   The claims against Mazars CPA relate to the allegedly false and misleading audit opinion letters filed with the 2009, 2010 and 2011 Form 10-Ks (the "Auditor Reports").   Specifically, the Complaint alleges that the Auditor Reports were false and misleading because: (1) Mazars CPA did not conduct its audits in accordance with Public Company Accounting Oversight Board ("PCAOB") standards; (2) Telestone's consolidated financial statements did not present fairly, in all material respects, either the financial position of Telestone and subsidiaries as of December 31, 2009, December 31, 2010, or December 31, 2011 or the results of their operations and their cash flows for each of the three years in the periods ended December 31, 2009, December 31, 2010, and December 31, 2011; (3) Telestone's financial statements were not presented in accordance with Generally Accepted Accounting Principles, rendering the Auditor Reports not in compliance with PCAOB standards; and (4) the Auditor Reports were also false and misleading because Telestone's internal controls were not effective but were instead plagued by significant material weaknesses. The Complaint further alleges that the price of Telestone's publicly-traded securities was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and that when the truth was revealed the price of Telestone stock fell, causing damage to purchasers of the Telestone stock during the Class Period.

14.   On October 2, 2015, Mazars CPA filed a Motion to Dismiss the Complaint, in which it argued that the Complaint failed to allege particularized facts sufficient to demonstrate that Mazars CPA made a false statement or acted with scienter.   Additionally, Mazars CPA asserted that the claims at issue were barred by the two-year statute of limitations for securities claims. On November 17, 2015, Lead Plaintiff filed his opposition to the Motion to Dismiss, and on December 24, 2015, Mazars CPA filed a reply brief in support of its Motion to Dismiss.   On February 21, 2015, the Court issued an opinion and order denying Mazars CPA's Motion to Dismiss.

15.   On January 21, 2016, Mazars CPA filed its Answer to the Complaint.   Thereafter, counsel for Lead Plaintiff and Mazars CPA conducted a Rule 26(f) conference and exchanged initial disclosures.   Additionally, the Settling Parties negotiated a joint discovery plan, a protective order, and an ESI protocol governing the production of electronic documents.   During these discussions, Lead Plaintiff and Mazars CPA agreed to engage in private mediation to discuss the possibility of settlement.

16.   On June 10, 2016, Lead Plaintiff and Mazars CPA exchanged and submitted to the mediator, Jed D. Melnick, J.D. (the "Mediator"), detailed mediation statements which addressed the issues of both liability and damages.   On June 22, 2016, the Settling Parties engaged in a full-

---

[4] On January 19, 2016, in response to a letter from Lead Counsel, the Court dismissed without prejudice Telestone, certain of Telestone's officers and directors, Mazars Scrl and Weisermazars LLP.   As a result, the only remaining defendants are Daqing Han, Xiaoli Yu and Mazars CPA.

day mediation in New York, New York.  The session ended without any agreement being reached.

17.   Over the course of the next several weeks, the Mediator conducted further discussions with the Lead Plaintiff and Mazars CPA, which culminated in the reaching of an agreement in principle to settle the Action.  Thereafter, the Settling Parties agreed to the material terms of a settlement of this Action and proceeded to draft this Stipulation.

18.   On _____, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**<br>**WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| --- |

19.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons and/or entities who purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and Telestone; (ii) members of the Immediate Families of the Non-Settling Defendants; (iii) the subsidiaries and affiliates of Defendants and Telestone; (iv) any person or entity who or which was, at any time during the Class Period, a partner, Officer, director, or controlling person of Telestone, or any of its subsidiaries or affiliates, or of any Defendant, as well as members to their Immediate Families; (v) any entity in which any Defendant or Telestone had, at any time during the Class Period, a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Settlement Class are: (i) any persons or entities who or which submits a request for exclusion that is accepted by the Court; and (ii) Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and Weizermazars LLP.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [___] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2017.**

| **WHY IS THERE A SETTLEMENT?** |
| --- |

20.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Mazars CPA have merit.  They recognize, however, the expense and length of continued proceedings

necessary to pursue Lead Plaintiff's claims against Mazars CPA through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Such risks include the challenges associated with proving that Mazars CPA's Auditor Reports were materially false and misleading, and demonstrating that Mazars CPA had actual knowledge of the alleged fraud or acted with sufficient recklessness to establish scienter. Moreover, even if the hurdles to establishing liability were overcome, Mazars CPA had significant arguments pertaining to loss causation. Mazars CPA maintained that the overwhelming majority of the stock drop during the alleged Class Period – more than 85% – occurred prior to the alleged corrective disclosures and, therefore, there was no causal link between the alleged misconduct and the losses suffered by Lead Plaintiff and the Settlement Class. In short, there were substantial risks attendant to the continued prosecution of the Action.

21.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a significant benefit to the Settlement Class, namely $1,250,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

22.   Mazars CPA has denied the claims asserted against it in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Mazars CPA has agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Mazars CPA.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

23.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Mazars CPA, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Mazars CPA. Also, if Mazars CPA were successful in proving any of its defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

24.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Mazars CPA and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 25 below) against the Mazars CPA and the other Mazars CPA Releasees

(as defined in ¶ 26 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Mazars CPA Releasees.

25.     "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Telestone Securities during the Class Period.  Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in this Action as of the date of this agreement against Daqing Han and Xiaoli Yu; (iii) any claims that have been brought or could be brought against Telestone, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and/or Weizermazars LLP; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

26.     "Mazars CPA Releasees" means Mazars CPA and its current and former officers, directors, partners, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.  For the avoidance of doubt, Mazars CPA Releasees do not include Mazars Scrl or Weizermazars LLP, no matter their relationship to Mazars CPA.

27.     "Unknown Claims" means any Released Plaintiff's Claims which the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Mazars CPA Claims which Mazars CPA does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Mazars CPA shall expressly waive, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Mazars CPA acknowledge, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

28.     The Judgment will also provide that, upon the Effective Date of the Settlement, Mazars CPA, on behalf of itself, and its predecessors, successors, and assigns in their capacities as such,

will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Mazars CPA Claim (as defined in ¶ 29 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Mazars CPA Claims against any of the Plaintiff's Releasees.

29.   "Released Mazars CPA Claim" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Settling Defendant.  Released Mazars CPA Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.   "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

31.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with adequate supporting documentation **postmarked no later than _____, 2017**.  A Claim Form is available from the website maintained by the Claims Administrator for the Settlement, www.TelestoneSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-800-xxx-xxxx.  Please retain all records of your ownership of and transactions in Telestone common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

32.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

33.   Pursuant to the Settlement, Mazars CPA has agreed to pay or caused to be paid $1.25 million dollars ($1,250,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in

accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

34.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

35.   Neither Mazars CPA nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Mazars CPA shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

36.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

37.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2017 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 25 above) against the Mazars CPA Releasees (as defined in ¶ 26 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Mazars CPA Releasees whether or not such Settlement Class Member submits a Claim Form.

38.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Telestone common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Telestone common stock during the Class period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

39.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

41.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Telestone common stock during the Class period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

42.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

43.   The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiff allege corrective information was entering the market place.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between March 31, 2010 and April 16, 2013, inclusive, which had the effect of artificially inflating the prices of Telestone common stock.

44.   In order to have recoverable damages, disclosure of the alleged misrepresentations and omissions must be the cause of the decline in the price of Telestone common stock.  Alleged corrective disclosures that removed the artificial inflation from the prices of Telestone common stock occurred on May 15, 2012, August 14, 2012, November 19, 2012, and April 16, 2013.

45.   To the extent a Claimant did not purchase Telestone common stock during the Class period and hold it over one of the corrective disclosure dates set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

46.   Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Telestone common stock during the Class period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

For shares of Telestone common stock purchased between March 31, 2010 and April 16, 2013:

A.   For shares held at the end of trading on August 29, 2013, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)   the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)   the difference between the purchase price per share and $0.60.[5]

---

[5] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market

B.      For shares sold between March 31, 2010 and April 16, 2013, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

(2)     the difference between the purchase price per share and the sales price per share.

C.      For shares sold between June 3, 2013 and August 29, 2013, the Recognized Loss shall be the lesser of:

(1)     the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)     the difference between the purchase price per share and the sales price per share; or

(3)     the difference between the purchase price per share and the average closing price between June 3, 2013 and the date of sale, as found in Table B[6].

---

price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   The mean (average) closing price of Telestone common stock during the 90-day period beginning on June 3, 2013 (the date when Telestone common stock resumed trading over the counter after the end of the Class Period) and ending on August 29, 2013 was $0.60 per share.

[6] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 03/31/2010 - 05/14/2012 | $ 1.58 |
| 05/15/2012 - 08/13/2014 | $ 1.12 |
| 08/14/2012 - 11/16/2012 | $ 1.00 |
| 11/19/2012 – 04/15/2013 | $ 0.74 |
| 04/16/2013 | $ 0.56 |

**Table B**

| Date of Sale | Average Closing Price Between 06/03/2013 and Date of Sale | Date of Sale | Average Closing Price Between 06/03/2013 and Date of Sale |
|---|---|---|---|
| 6/3/2013 | $0.30 | 7/17/2013 | $0.48 |
| 6/4/2013 | $0.28 | 7/18/2013 | $0.49 |
| 6/5/2013 | $0.28 | 7/19/2013 | $0.49 |
| 6/6/2013 | $0.29 | 7/22/2013 | $0.50 |
| 6/7/2013 | $0.29 | 7/23/2013 | $0.51 |
| 6/10/2013 | $0.29 | 7/24/2013 | $0.51 |
| 6/11/2013 | $0.29 | 7/25/2013 | $0.52 |
| 6/12/2013 | $0.30 | 7/26/2013 | $0.52 |
| 6/13/2013 | $0.31 | 7/29/2013 | $0.53 |
| 6/14/2013 | $0.31 | 7/30/2013 | $0.53 |
| 6/17/2013 | $0.31 | 7/31/2013 | $0.54 |
| 6/18/2013 | $0.31 | 8/1/2013 | $0.54 |
| 6/19/2013 | $0.32 | 8/5/2013 | $0.55 |
| 6/20/2013 | $0.32 | 8/6/2013 | $0.55 |
| 6/21/2013 | $0.33 | 8/7/2013 | $0.55 |
| 6/24/2013 | $0.34 | 8/8/2013 | $0.55 |
| 6/25/2013 | $0.35 | 8/9/2013 | $0.56 |
| 6/26/2013 | $0.36 | 8/12/2013 | $0.56 |
| 6/27/2013 | $0.36 | 8/13/2013 | $0.57 |
| 6/28/2013 | $0.37 | 8/14/2013 | $0.57 |
| 7/1/2013 | $0.37 | 8/15/2013 | $0.57 |
| 7/2/2013 | $0.38 | 8/16/2013 | $0.58 |
| 7/3/2013 | $0.39 | 8/19/2013 | $0.58 |
| 7/5/2013 | $0.41 | 8/20/2013 | $0.58 |
| 7/8/2013 | $0.42 | 8/21/2013 | $0.59 |
| 7/9/2013 | $0.43 | 8/22/2013 | $0.59 |
| 7/10/2013 | $0.44 | 8/23/2013 | $0.59 |
| 7/11/2013 | $0.45 | 8/26/2013 | $0.60 |

344961.1 TELESTONE

| 7/12/2013 | $0.46 | 8/27/2013 | $0.60 |
| 7/15/2013 | $0.46 | 8/28/2013 | $0.60 |
| 7/16/2013 | $0.47 | 8/29/2013 | $0.60 |

## ADDITIONAL PROVISIONS

47.     If a Settlement Class Member has more than one purchase or sale of Telestone common stock, all purchases and sales shall be matched on a First In, First Out ("FIFO") basis.  Class period sales will be matched first against any holdings at the beginning of the Class period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class period.

48.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for Telestone common stock.

49.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

50.     Purchases and sales of Telestone common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Telestone common stock during the Class period shall not be deemed a purchase or sale of Telestone common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of  Telestone common stock unless (i) the donor or decedent purchased or otherwise acquired such Telestone common stock during the Class period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Telestone common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

51.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Telestone common stock during the Class period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Telestone common stock during the Class period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

52.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Telestone common stock during the Class period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Total Holding Value.[9]  This

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Telestone common stock purchased or acquired during the Class period.

15

difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Telestone common stock during the Class period.

53.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.   At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

54.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Mazars CPA, Mazars CPA's Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.   Lead Plaintiff, Mazars CPA and their respective counsel, and all other Mazars CPA Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

55.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with his damages expert.   The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to

---

[8] The Claims Administrator shall match any sales of Telestone common stock during the Class period, first against the Claimant's opening position in Telestone common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).   The total amount received (excluding commissions and other charges) for the remaining sales of Telestone common stock sold during the Class period shall be the "Total Sales Proceeds".

[9] The Claims Administrator shall ascribe a holding value of $0.30 per share to all Telestone common stock purchased during the Class period and still held as of the close of trading on June 3, 2013, which is the day Telestone's shares resumed trading on the over-the-counter market following its NASDAQ delisting on April 17, 2013.   The total calculated holding value for all Telestone common stock shall be the Claimant's "Total Holding Value."

the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.TelestoneSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

56.   Lead Counsel have not received any payment for their services in pursuing claims against the Defendants (including Mazars CPA) on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $65,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

57.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Telestone Technologies Securities Litigation*, EXCLUSIONS, c/o Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103. The exclusion request must be ***received*** no later than _____, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Telestone Technologies Securities Litigation*, Case No. 2:15-cv-00703-JLL-JAD"; (c) identify and state the number of share of Telestone common stock that the person or entity requesting exclusion purchased and/or sold during the Class period (*i.e.*, between March 31, 2010 and April 16, 2013, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

58.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Mazars CPA Releasees.

59.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

17

60.    Mazars CPA has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Mazars CPA.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

61.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing**.

62.    The Settlement Hearing will be held on _____, 2017 at __:__ _.m., before the Honorable John Michael Vazquez at the United States District Court for the District of New Jersey, U.S. Courthouse and Post Office Building, Courtroom PO 3, 2 Federal Square, Newark, New Jersey, 07102.   The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

63.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below on or before _____, 2017.  You must also serve the papers on Lead Counsel and on Mazars CPA's Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2017**.

| **Clerk's Office** | **Lead Counsel** | **Mazars CPA's Counsel** |
|---|---|---|
| **U.S. District Court for the District of New Jersey**<br>Clerk of the Court<br>Martin Luther King Building<br>   & U.S. Courthouse<br>50 Walnut Street, Room 4015<br>Newark, NJ 07101 | **Glancy Prongay & Murray LLP**<br>Attn:  Casey E. Sadler<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, California 90067<br><br>**Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C.**<br>Attn:  Donald A. Ecklund<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 | **Norton Rose Fulbright US LLP**<br>Attn:  Scott P. Drake<br>2200 Ross Ave, Suite 3600<br>Dallas, Texas 75201 |

64.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Telestone common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class period (*i.e.*, between March 31, 2010 and April 16, 2013, inclusive), as well as the dates and prices of each such purchase and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

65.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

66.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Mazars CPA's Counsel at the addresses set forth above so that it is *received on or before _____, 2017*.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

67.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Mazars CPA's Counsel at the addresses set forth in ¶ 63 above so that the notice is *received* on or *_____, 2017*.

68.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

69.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

70.    If you purchased the common stock of Telestone between March 31, 2010 and April 16, 2013, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims

Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Telestone Technologies Securities Litigation*, c/o Angeion Group, 1801 Market Street, Suite 660,  Philadelphia, PA 19103.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notices to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.TelestoneSettlement.com, or by calling the Claims Administrator toll-free at 1-800-xxx-xxxx.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

71.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, TX 77002.   Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.TelestoneSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Telestone Technologies Securities Litigation*,
c/o Angeion Group,
1801 Market Street, Suite 660,
Philadelphia, PA 19103
800-xxx-xxxx
www.TelestoneSettlement.com


Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Glancy Prongay & Murray LLP
Attn: Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Email: settlements@glancylaw.com
Telephone: (888) 773-9224

Carella, Byrne, Cecchi,
Olstein, Brody & Agnello P.C.
Attn:  Donald Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068

20

Email: decklund@carellabyrne.com
Telephone: (973) 994-1700

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, MAZARS CPA OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017

By Order of the Court
United States District Court
for the District of New Jersey

21

# EXHIBIT A-2

Exhibit A-2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br>      v.<br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>                           Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

**<u>CLAIM FORM</u>**

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
XXXXXXX**

</td><td>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF NEW JERSEY
*Sun v. Han et al.*,
CASE NO. 2:15-cv-00703-JLL-JAD

</td><td>

**TEL**

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING THE CLAIM FORM

### GENERAL INSTRUCTIONS

To recover as a Class Member based on your claims in the action entitled *Sun v. Han et al.*, CASE NO. 2:15-cv-00703-JLL-JAD (the "Action"), you must complete and sign this Claim Form.

If you fail to submit a timely and properly addressed Claim Form, your claim may be rejected and you may not receive any recovery from the Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE xxxx, 2017, ADDRESSED AS FOLLOWS:

<div align="center">

***Telestone Technologies Securities Litigation***
**c/o Claims Administrator**
**1801 Market Street, Suite 660**
**Philadelphia, PA  19103**

</div>

If you are NOT a Class Member (as defined in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice")), DO NOT submit a Claim Form.

If you are a Class Member and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

### CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired shares of common stock of Telestone Technologies Corporation ("Telestone") and held the shares in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired shares of Telestone common stock and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form, entitled "Claimant Identification" to identify each beneficial purchaser and, if applicable, the third-party nominee of record ("nominee"), if different from the beneficial purchaser. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TELESTONE SECURITIES UPON WHICH THIS CLAIM IS BASED.

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
XXXXXXX**

</td><td>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF NEW JERSEY
*Sun v. Han et al.*,
CASE NO. 2:15-cv-00703-JLL-JAD

</td><td>

**TEL**

</td></tr>
</table>

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number, email address, and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**CLAIM FORM**

Use Part II of this form, entitled "Schedule of Transactions in Shares of Telestone Common Stock," to supply all required details of your transaction(s) in Telestone common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedule, provide all of the requested information with respect to all of your purchases or acquisitions of shares of Telestone common stock which took place at any time from March 31, 2010 through August 29, 2013, inclusive (the "Class Period"), and all of your sales of shares of Telestone common stock which took place at any time from March 31, 2010 through August 29, 2013.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

Copies of broker trade confirmations, monthly statements, or other documentation of your transactions in shares of Telestone common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**NOTICE TO BROKERS AND OTHER NOMINEES REGARDING ELECTRONIC FILES**:

Brokers and nominees with large numbers of transactions may request, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at Telestone@AdministratorClassAction.com, or visit the settlement website at www.TelestoneSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN XXXXXXX**

</td><td>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF NEW JERSEY
*Sun v. Han et al.*,
CASE NO. 2:15-cv-00703-JLL-JAD

</td><td>

**TEL**

</td></tr>
</table>

## CLAIM FORM
### Please Type or Print

**PART I: CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Nominee/Broker Name/Representative (if applicable)

Account Number

Street Address

City

State or Province

Zip Code or Postal Code

Country

Social Security Number or Taxpayer Identification Number

☐ Individual    ☐ Corporation/Other

☐ IRA    ☐ Trust

Telephone Number

Email Address

Custodian Name (if different from beneficial owner listed above)

## PLEASE PROCEED TO THE NEXT PAGE
## AND COMPLETE ALL SECTIONS THROUGH PAGE 6

TEL

**PART II: SCHEDULE OF TRANSACTIONS IN SHARES OF TELESTONE COMMON STOCK**

Number of shares of Telestone common stock held at the close of trading on **March 30, 2010:**

**Purchase(s)** or acquisitions of shares of Telestone common stock (March 31, 2010 through August 29, 2013, inclusive):

| | Trade Date Month / Day / Year | Number of Shares Purchased or Acquired | Purchase Price Per Share | Total Purchase or Acquisition Price | Check this box if purchase was the result of a call option |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

**Sales** of shares of Telestone common stock (March 31, 2010 through August 29, 2013, inclusive):

| | Trade Date Month / Day / Year | Number of Shares Sold | Sales Price Per Share | Total Sales Price | Check this box if sale was the result of a put option |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

Number of shares of Telestone common stock held at the close of trading on **August 29, 2013**:

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

### PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of shares of Telestone common stock during the Class Period and know of no other person having done so on my (our) behalf.

### PART IV: RELEASE

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiff's Claims each and all of the Mazars CPA Releasees, defined as Mazars CPA and its current and former officers, directors, partners, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.  For the avoidance of doubt, Mazars CPA Releasees do not include Mazars Scrl or Weizermazars LLP, no matter their relationship to Mazars CPA.

"Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Telestone Securities during the Class Period.   Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in this Action as of the date of this agreement against Daqing Han and Xiaoli Yu; (iii) any claims that have been brought or could be brought against Telestone, Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and/or Weizermazars LLP; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

"Unknown Claims" means any Released Plaintiff's Claims which the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Mazars CPA Claims which Mazars CPA does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Mazars CPA shall expressly waive, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5

Lead Plaintiff and Mazars CPA acknowledge, and each of the other Settlement Class Members and each of the Mazars CPA Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

This release shall be of no force or effect unless and until the Court approves the Settlement and the Stipulation becomes effective.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any rights or claims released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in shares of Telestone common stock which are the subject of this claim, which occurred during the Class Period as well as the opening position in such shares held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, 201___, in _____,_____
                              (Month)                                                    (City)                    (State/Country)

_____                    _____
Claimant - Sign your name here                                              Claimant - Print your name here


_____                    _____
Joint Owner, if Applicable - Sign your name here                  Joint Owner, if Applicable - Print your name here


_____
(Capacity of person(s) signing, e.g., beneficial purchaser, executor,
 or administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

- Please sign the above release.

- Remember to attach supporting documentation for all trades and shares held at beginning and end of the Class Period (e.g. trade confirmations, monthly brokerage statements, etc.)

- Keep a copy of your claim form and all supporting documentation for your records.

- If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested

# EXHIBIT A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>              v.<br><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>                                        Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:  All persons and entities all persons and/or entities who purchased the common stock of Telestone Technologies Corporation between March 31, 2010 and April 16, 2013, inclusive, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,250,000 in cash (the "Settlement") with Defendant Mazars CPA Limited ("Mazars CPA") that, if approved, will resolve all claims in the Action against Mazars CPA.

A hearing will be held on _____, 2017 at __:__ _.m., before the Honorable John Michael Vazquez at the United States District Court for the District of New Jersey, U.S. Courthouse and Post Office Building, Courtroom PO 3, 2 Federal Square, Newark, New Jersey, 07102, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Mazars CPA,

and the Releases specified and described in the Stipulation and Agreement of Settlement dated February 8, 2017 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  You may obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Telestone Technologies Securities Litigation*, c/o Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103, 1-800-xxx-xxxx.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.TelestoneSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2017.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Mazars CPA's Counsel such that they are *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Mazars CPA, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Telestone Technologies Securities Litigation*,
c/o Angeion Group,
1801 Market Street, Suite 660,
Philadelphia, PA 19103
800-xxx-xxxx
www.TelestoneSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

344958.1 TELESTONE

Glancy Prongay & Murray LLP
Attn: Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Email: settlements@glancylaw.com
Telephone: (888) 773-9224

Carella, Byrne, Cecchi,
Olstein, Brody & Agnello P.C.
Attn:  Donald Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Email: DEcklund@carellabyrne.com
Telephone: (973) 994-1700

By Order of the Court

# EXHIBIT A-4

Exhibit A-4

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated, <br><br>                      Plaintiff, <br><br>        v. <br><br> DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION, <br><br>                      Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

**POSTCARD NOTICE**

*Court-Ordered Legal Notice*                                                    [Postage Prepaid]

Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

### *Important Notice about a Securities Class Action Settlement.*

### *You may be entitled to a CASH payment.  This Notice may affect your legal rights.  Please read it carefully.*

Name
Address
City State Zip

---

*Sun v. Han, et al.,*
Case No. 2:15-cv-00703-JLL-JAD (D.N.J.)

### *THIS CARD PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.TELESTONESETTLEMENT.COM FOR MORE INFORMATION*

There has been a proposed Settlement of claims against Mazars CPA Limited ("Mazars CPA") related to its audits of Telestone Technologies Corporation ("Telestone" or the "Company"). The Settlement would resolve claims against Mazars CPA in a lawsuit in which the Lead Plaintiff alleges that Mazars CPA disseminated materially false and misleading information to the investing public about its audits of Telestone in violation of the federal securities laws. Mazars CPA denies any wrongdoing. You received this  because you or someone in your family may have purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive.

Mazars CPA has agreed to pay a settlement amount of $1,250,000 to settle the claims against it. The Settlement provides that this settlement fund, after deduction of any Court-approved attorneys' fees and expenses, is to be divided among all Class Members who submit a valid Proof of Claim, in exchange for the settlement of this case and the release by Class Members of these and related claims. The Stipulation of Settlement, available at www.TelestoneSettlement.com, describes all of the details of the proposed Settlement. Your share of the fund will depend on the number of valid Proof of Claim forms that Class Members submit, the number of your securities transactions. and when they occurred.

344959.1 TELESTONE

Generally, the more common stock you held, the more money you will receive. If every eligible Class Member submits a valid Proof of Claim, the average claim will be $0.108 per share before expenses and other Court-ordered deductions. The number of claimants who send in claims varies widely from case to case. If less than 100% of the Class Members send in a Proof of Claim, you could get more money. This is further explained in the detailed Notice found on the website.

To qualify for payment, you must submit a Proof of Claim. A copy of the Proof of Claim can be found on the website or upon request to the Claims Administrator (call toll-free 1-xxx-xxx-xxxx). PROOFS OF CLAIMS ARE DUE BY _____. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue Mazars CPA about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____. The detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in this case on _____ to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to 33.3% percent in attorneys' fees, plus expenses including reimbursement for time and expenses incurred by the Lead Plaintiff, for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free _____ or visit the website.

# EXHIBIT B

**Exhibit B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br>            v.<br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br>                      Defendants. | Case No. 2:15-cv-00703-JLL-JAD |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Sun v. Han et al.,* Case No. 2:15-cv-00703-JMV-MF (the "Action");

WHEREAS, (a) Lead Plaintiff Bin Qu, on behalf of himself and the Settlement Class (defined below), and (b) defendant Mazars CPA Limited ("Mazars CPA"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated February 8, 2017 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Mazars CPA in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be

provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Mazars CPA; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2017; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2017.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement

only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and/or entities who purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive (the "Class Period), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and Telestone; (ii) members of the Immediate Families of the Non-Settling Defendants; (iii) the subsidiaries and affiliates of Defendants and Telestone; (iv) any person or entity who or which was, at any time during the Class Period, a partner, Officer, director, or controlling person of Telestone, or any of its subsidiaries or affiliates, or of any Defendant, as well as members to their Immediate Families; (v) any entity in which any Defendant or Telestone had, at any time during the Class Period, a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Settlement Class are Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and Weizermazars LLP [as well as the persons and entities listed on Exhibit 1 hereto, who requested exclusion from the Settlement Class.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

3

5.     **Notice** – The Court finds that the dissemination of the Postcard Notice, the publication of the Summary Notice and the creation of a settlement website that made available the Notice and Claim Form:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Mazars CPA in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Mazars CPA in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Mazars CPA, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Mazars CPA and the other Mazars CPA Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Mazars CPA

5

Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

        (b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Mazars CPA, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Mazars CPA Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be enjoined from prosecuting any or all of the Released Mazars CPA Claims against any of the Plaintiff's Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

        10.      Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

        11.      All parties to the Action are permanently barred, enjoined and restrained from commencing, prosecuting or asserting against Mazars CPA Releasees, either individually, derivatively, on behalf of a class, or otherwise, in this Court or in any other forum, any claim, counterclaim, cross-claim, third-party claim or other action for contribution, however denominated, that is related to, based upon, or arises out of the Released Claims.

        12.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Mazars CPA Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Mazars CPA Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Mazars CPA Releasees or in any way referred to for any other reason as against any of the Mazars CPA Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Mazars CPA Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

7

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Mazars CPA are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further

8

order of the Court, Lead Plaintiff and Mazars CPA may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.      **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Mazars CPA, and the Parties shall revert to their respective positions in the Action as of April 11, 2016, as provided in the Stipulation.

18.      **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2017.


_____
The Honorable John Michael Vazquez
United States District Judge

9

344962.1 TELESTONE

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

10