UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>                            Defendants. | Case No. 2:15-cv-00703-JMV-MF |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Sun v. Han et al.*, Case No. 2:15-cv-00703-JMV-MF (the "Action");

WHEREAS, (a) Lead Plaintiff Bin Qu, on behalf of himself and the Settlement Class (defined below), and (b) defendant Mazars CPA Limited ("Mazars CPA"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated February 8, 2017 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Mazars CPA in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated September 25, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be

provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 6, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Mazars CPA; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on February 24, 2017; and (b) the Notice and the Summary Notice, both of which were filed with the Court on February 24, 2017.

3.     **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure on behalf of the Settlement Class consisting of all persons and/or entities who purchased Telestone common stock between March 31, 2010 and April 16, 2013, inclusive (the "Class Period), and were damaged thereby.   Excluded from the Settlement Class are: (i) Defendants and Telestone; (ii) members of the Immediate Families of the Non-Settling Defendants; (iii) the subsidiaries and affiliates of Defendants and Telestone; (iv) any person or entity who or which was, at any time during the Class Period, a partner, Officer, director, or controlling person of Telestone, or any of its subsidiaries or affiliates, or of any Defendant, as well as members to their Immediate Families; (v) any entity in which any Defendant or Telestone had, at any time during the Class Period, a controlling interest; (vi) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.   Also excluded from the Settlement Class are Hong Li, Ming Li, Lian Zhu, Guanghui Cheng, Guobin Pan, Yuanpin He, Guangjun Lu, Mazars Scrl and Weizermazars LLP.

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class.   Lead Plaintiff and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice** – The Court finds that the dissemination of the Postcard Notice, the publication of the Summary Notice and the creation of a settlement website that made available

3

the Notice and Claim Form: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Mazars CPA in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Mazars CPA in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The

4

Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Mazars CPA, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Mazars CPA and the other Mazars CPA Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Mazars CPA Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

(b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Mazars CPA, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Mazars CPA Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be enjoined from prosecuting any or all of the Released Mazars CPA Claims against any of the Plaintiff's Releasees.  No Settlement Class Member has requested exclusion from the Settlement Class.

10.      Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.      All parties to the Action are permanently barred, enjoined and restrained from commencing, prosecuting or asserting against Mazars CPA Releasees, either individually, derivatively, on behalf of a class, or otherwise, in this Court or in any other forum, any claim, counterclaim, cross-claim, third-party claim or other action for contribution, however denominated, that is related to, based upon, or arises out of the Released Claims.

12.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.      **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or

any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Mazars CPA Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Mazars CPA Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Mazars CPA Releasees or in any way referred to for any other reason as against any of the Mazars CPA Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Mazars CPA Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

7

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement;  (b) the disposition of the Settlement Fund;  (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund;  (d) any motion to approve the Plan of Allocation;  (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Mazars CPA are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further

order of the Court, Lead Plaintiff and Mazars CPA may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Mazars CPA, and the Parties shall revert to their respective positions in the Action as of April 11, 2016, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

\* SO ORDERED this __6th__ day of __March__, 2018.

_____
The Honorable John Michael Vazquez
United States District Judge

\* The Clerk's office shall close matter. If either party seeks relief pursuant to Paragraph 14, the party may do so by filing a letter request on the docket. But the Clerk's office shall not close the matter for 90 days pending Plaintiff's motion for default judgment as to the remaining defendents or Plaintiff's request to administratively terminate the action.

9