UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION,<br><br>Defendants. | Case No. 2:15-cv-00703-JMV-MF |

## [PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

Court appointed Lead Plaintiff Bin Qu moved this Court for an order granting his Unopposed Motion for Approval of Distribution of Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Brian Manigault in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution of Net Settlement Fund (the "Manigault Declaration" or "Manigault Decl."):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 8, 2017 (ECF No. 64-3) (the "Stipulation") and the Manigault Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Manigault Declaration.

1

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, the Angeion Group ("Angeion" or "Claims Administrator"), to accept the Timely Valid Claims and Late But Otherwise Valid Claims set forth in Exhibit C parts one and two to the Manigault Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims as set forth in Exhibit C part three are adopted;

(c) Angeion is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Loss as compared to the Total Recognized Claims of all Authorized Claimants as set forth paragraph 30 of the Manigault Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 180 DAYS OF DISTRIBUTION";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 30 of the Manigault Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with Angeion, determine that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 30 of the Manigault Declaration, shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After Angeion has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as set forth in paragraph 30 of the Manigault Declaration), but no earlier than nine (9) months after the Distribution, Angeion shall, if Lead Counsel, in consultation with Angeion, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting Angeion's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter six-

3

month intervals until Lead Counsel, in consultation with Angeion, determine that further re-distribution is not cost effective;

(g) Any funds that remain in the Net Settlement Fund after: (i) determining that further re-distribution is no longer cost-effective, (ii) payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, and (iii) the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be donated to a non-sectarian, not-for-profit 501(c)(3) organization serving the public interest, to be designated by Lead Counsel and approved by the District Court;

(h) No new Proofs of Claim shall be accepted after January 21, 2019, and no further adjustments to Proofs of Claims received on or before January 21, 2019 that would result in an increased Recognized Claim amount shall be made for any reason after January 21, 2019;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in the Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Lead Plaintiff or Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of Angeion's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Distribution

of the Net Settlement Fund as set forth in the invoices attached as Exhibits E and F to the Manigault Declaration are approved, and Lead Counsel is directed to pay $56,010.58 out of the Settlement Fund to Angeion. Manigault Decl. at ¶¶ 33-36; and

(k) Unless otherwise ordered by the Court, one year after the Initial Distribution Angeion shall destroy the paper copies of the Proofs of claim and all supporting documentation and, three years after all funds have been distributed, Angeion shall destroy electronic copies of the same. *Id.* at ¶ 32.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: Aug 20, 2019

_____
The Honorable John Michael Vazquez
United States District Judge